# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

DANNY RAY WILLIAMS                                                                          PLAINTIFF

v.                                    4:18CV00065-SWW-JTK

PULASKI COUNTY DETENTION FACILITY, et al.                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such

a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I.  Introduction

Plaintiff Danny Williams, an inmate incarcerated at the Dallas County Detention Center, filed this pro se action pursuant to 42 U.S.C. § 1983, alleging excessive force while he was incarcerated at the Pulaski County Detention Center (hereinafter referred to as the "Jail") in June 2017. Defendant Jail was dismissed on May 4, 2018 (Doc. No. 15).

This matter is before the Court on the Motion for Summary Judgment, Brief in Support, and Statement of Facts, filed by remaining Defendant David Carrasquillo (Doc. Nos. 31-33). Plaintiff did not respond, and by Order dated January 3, 2018, this Court cautioned Plaintiff that his failure to respond to the Motion within fifteen days of the date

of the Order would result in either all the facts set forth in the Motion being deemed admitted by him, or dismissal of the action, without prejudice, for failure to prosecute (Doc. No. 34). As of this date, Plaintiff has not responded to the Motion.

## II.   Amended Complaint

Plaintiff alleged that during a shake-down at the Jail on June 28, 2017, Defendant pushed him into a wall and knocked out his teeth. (Doc. No. 9, p. 4)

## III.   Summary Judgment

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party...." Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas. Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED.R.CIV.P. 56(e)(2).

### A.     Official Capacity

The Court agrees with Defendant that Plaintiff's monetary claims against him in his official capacity should be dismissed, because Plaintiff did not allege that Carrasquillo's actions were taken pursuant to an unconstitutional policy, practice, or custom, or any widespread pattern of unconstitutional conduct. A suit against a county official in his official capacity is the equivalent of a suit against the county itself. Liebe v. Norton, 157 F.3d 574, 578-9 (8th Cir. 1998). In order for a county to be held liable for the unconstitutional acts of its officials, Plaintiff must allege and prove that a written county policy or pattern of widespread unconstitutional conduct was the moving force behind the unconstitutional actions. Jane Doe A v. Special School District of St. Louis County, 901 F.2d 642, 646 (8th Cir. 1990). Absent such an allegation, or a response from Plaintiff, the Court finds the monetary claim against Defendant in his official capacity should be dismissed.

### B.     Individual Capacity

Defendant also asks the Court to dismiss Plaintiff's claims against him in his

individual capacity, based on qualified immunity, which protects officials who act in an objectively reasonable manner. It may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. McClendon v. Story County Sheriff's Office, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (the privilege is "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. Pearson v. Callahan, 555 U.S. 223, 232 (2009).[1] Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. Nelson v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009).

---

[1] Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Nelson, 583 F.3d at 528 (quoting Pearson v. Callahan, 555 U.S. at 236).

According to incident reports filed by four officers at the Jail and the Affidavit of Robin Ballard, Legal/Administrative Sergeant at the Jail, Plaintiff Williams was booked into the Jail on May 31, 2017 for a U.S.Marshal hold and was a pretrial detainee at all times relevant to his complaints. (Doc. No. 32-1, pp. 1-2) On June 29, 2017, during a shakedown of the Unit where Plaintiff was housed, all inmates were placed on their stomachs in the outdoor activity area with their hands zip-tied behind their backs. (Id., p. 17) When Plaintiff complained that he could not breathe, Lieutenant Derrick Freeman and Deputy Frederic McGee helped him to his feet and walked him inside to the multipurpose room. (Id., pp. 17, 19) Before reaching the room, Deputy Anthony Thompson relieved Freeman and walked Williams into the room with McGee. (Id., p. 20) According to McGee and Thompson, Williams said he could not breathe and leaned against the wall, and then knelt on the floor. (Id., pp. 19-20) At that time, McGee noticed a yellow substance fall out of Plaintiff's mouth and Thompson saw Plaintiff spit something out of his mouth, which was Plaintiff's tooth. (Id.) Freeman, who was not in the room at the time, stated someone told him Plaintiff's tooth fell out because he bumped it against something in the room. (Id., p. 17) Defendant Carrasquillo was providing extra security in the Unit and was instructed to take Plaintiff's tooth to be placed with his personal property. (Id., p. 21) He then placed the tooth in a glove and took it to the property room for storage. (Id.) Thompson assisted Plaintiff to a chair for evaluation by medical personnel, who observed no bleeding and no report of pain. (Id., pp. 20, 22) Plaintiff's tooth was described in the medical records as a gold tooth. (Id., p. 22) Medical personnel advised Plaintiff to file a sick call if he

experienced dental pain and cleared Plaintiff to remain in the unit. (Id.) On June 30, 2017, Nurse Tillman sent a memo to Sergeant Nancy Brawley, stating that Plaintiff would be referred to dental services and on July 11, 2017, Williams refused dental treatment and x-rays. (Id., pp. 25; Doc. No. 32-2, p. 2)

Based on these reports Defendant Carrasquillo states that Plaintiff provides no evidence to show that he was present at the time Plaintiff's tooth fell out or had any role in an incident which caused the tooth issue.

Considering the Plaintiff's failure to respond to the Motion and to offer a dispute of the facts asserted by Defendant, the Court hereby finds that the facts set forth by Defendant (Doc. No. 32) are undisputed for purposes of the Motion and recommends that summary judgment be granted as a matter of law. See FED.R.CIV.P. 56(e)(2), (3). Since Plaintiff was a pretrial detainee at the time of his incarceration, the due process standard of the Fourteenth Amendment applies to determine the constitutionality of his conditions of confinement. Bell v. Wolfish, 441 U.S. 520, 535 (1979). Therefore, to support a claim for relief, Plaintiff must allege and prove that the force purposely or knowingly used against him by Defendant was objectively unreasonable, and objective reasonableness turns on the "facts and circumstances of each particular case." Kingsley v. Hendrickson, 135 S.Ct. 2466, 2473 (2015). In this case, Defendant provides Jail and medical records to show that Defendant was not present in the room at the time Plaintiff's tooth fell out, and no evidence to show that it was the result of objectively unreasonable force. In addition, the evidence shows Plaintiff reported no pain to medical personnel and refused subsequent x-rays and

7

dental treatment. Therefore, absent additional facts or evidence from Plaintiff to show otherwise, the Court finds Defendant acted reasonably under the circumstances, and that no reasonable fact finder could find that the facts as alleged or shown, construed in the light most favorable to Plaintiff, establish a violation of a constitutional or statutory right.

## IV.   Conclusion

IT IS, THEREFORE, RECOMMENDED that Defendant's Motion for Summary Judgment (Doc. No. 31) be GRANTED, and Plaintiff's Complaint be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 24th day of January, 2019.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE